Mr. Justice Clayton
delivered the opinion of the court.
Brown, Woods, & Co. were indebted to William B. Ross, *766 in the sum of $6000, and on the 1st of March, 1838, Andrew Woods, one of the firm, gave his note at twelve months for the same, with M. M. Gary and William G. Doyle as sureties. The same firm was indebted very largely to Wallace Wilson. On the 10th of April, 1838, Andrew Woods conveyed to Doyle & Gary certain property and estate, on condition that if he, Woods, should pay the said note to William B. Ross, indorsed by Doyle & Gary, also a note due from Woods to Doyle for about $2,000, then the said conveyance to be void, otherwise to remain in full force and virtue.” This deed was duly recorded. In June, 1839, Wallace Wilson, having previously .obtained a judgment on his debt against Brown, Woods & Co., .•agreed to pay the debt of William G.-Doyle, if Doyle & Gary .would release to him all interest, under the conveyance above ■described. This they both did. This ■ bill is filed by Ross to ■subject the property to his debt, under the conveyance. Andrew Woods also conveyed to Wilson. The vice-chancellor dismissed the bill, and the cause thence comes to this court.
Although Ross knew nothing of this deed, at the time it "was executed, yet as its provisions were for his benefit, his assent to it will be presumed. The conveyance was intended not only to indemnify Gary & Doyle against their liability as sureties, but manifestly to secure the payment of the debt. It was to be void, on condition that the debt was paid, otherwise not. What were formerly conditions are now regarded as trusts. Garey & Doyle were by this conveyance made trustees for the benefit of Ross. They had no power or right to discharge the ■trust or to defeat it, unless to a purchaser for valuable consideration without notice. Wilson, the purchaser in this instance, had notice; he therefore took the estate subject to the trust, and charged with the payment of the debt. In his answer he says, that he did not know whether the debt was paid or not; it was his duty to have inquired. Even if he had agreed to pay money for the estate, instead of merely satisfying his debt, it would have been incumbent upon him to have seen to its application to the object designated in the conveyance. 2 Sug. on Yen. and Pur. 32. He however, advanced no *767 new consideration, except that he agreed to pay the debt of Doyle ; and he therefore does not occupy the attitude of a purchaser for valuable consideration.
An objection is urged to the complainant’s right of recovery on the ground of variance, between the note and its description in the deed. The only difference is that Doyle & Gary are described in the deed as indorsers, when in truth they are sureties upon the face of the note. This difference could not have deceived the parties. The description is substantially correct. The bill alleges that there was a mistake in drawing the instrument, and the proof of the mistake by the depositions is abundant and unquestionable. Parol proof in equity is admissible, to show that a mistake occurred in drawing an instrument; though it is to be received with caution and distrust. See Peques v. Mosby & Kyle, and Lauderdale v. Hallock & Bates, decided at this term. Other objections are taken to the proceedings, which we think are not to be sustained.
On the whole, the decree must be reversed and the cause remanded. The property conveyed is declared to be subject to the debt of Ross. But as Wilson has paid the debt of Doyle, which was equally secured by the conveyance, he is entitled to stand in the place of Doyle.
A decree must be entered in the court below, directing that if the debt of Ross be not paid within three months from the date of such decree, that the said property must be sold on the terms usual upon foreclosure of a mortgage; that an account be taken of the amount due to Ross and Wilson upon the debt paid by him to Doyle, and the proceeds of the sale be divided between Ross and Wilson, pro rata, in proportion to the amount of their respective debts.
Decree reversed and cause remanded.